Charles A. **BRENIZER**, Plaintiff,

v.

Ryder **RAY**, et al., Defendants.

**No. CV 95–3761–RSWL.**

United States District Court,
C.D. California.

Jan. 22, 1996.

Charles A Brenizer, Nipomo, CA, pro se.

David Jay Ozeran, La Follette Johnson De Haas Fesler & Ames, Los Angeles, CA, for Ryder Ray, Doug Jones, David Manriguez, Nipomo Community Services Dist.

Don A. Ernst, Ernst & Mattison, San Luis Obispo, CA, for Warren Hoag, San Luis Obispo County, Christopher Milne, Jim Granflaten, Pat Beth, Kami Grifith, Mike Doherty, Alex Hines, Larry Flagg, Local Agency Formation, Paul Hood, Susan Ostrov.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

LEW, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Complaint and other papers along with the attached Report and Recommendation of the United States Magistrate Judge, as well as the objections filed by plaintiff on January 12, 1996, and the Reply to Objections filed by certain defendants on January 18, 1996, and has made a *de novo* determination of the Report and Recommendation.

IT IS ORDERED that (1) the Report and Recommendation is approved and adopted; (2) defendants' motions to dismiss are granted; and (3) Judgment shall be entered dismissing with prejudice the Complaint and action.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Report and Recommendation and Judgment by the United States mail on the parties.

## REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

CHAPMAN, United States Magistrate Judge.

This report and recommendation is submitted to the Honorable Ronald S.W. Lew, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

## BACKGROUND

Plaintiff Charles A. Brenizer, a non-prisoner proceeding *pro se*, on June 6, 1995, filed a complaint pursuant to 42 U.S.C. Section 1983 alleging violations of his rights to substantive due process and under the takings clause of the Fifth Amendment. He also claims infringement of his rights to freedom of expression and redress of grievances under the First Amendment and to be free from unreasonable seizure under the Fourth Amendment. (Complaint, 33:8–34:18). Plaintiff names as defendants the County of San Luis Obispo (defendant "County"), various county agencies and commissions, and their officers and directors.

Plaintiff's claims arise from his efforts to form a private water company in an unincorporated area of the County. Plaintiff alleges that in 1989, he and several partners investigated the possibility of developing certain subdivided plots in the Summit Road area, where no municipal water service existed, and to form a water company to deliver water to the plots. (Complaint, 13:4–16). On January 20, 1994, after correspondence

with representatives from defendant County, plaintiff formed plans to provide water service to 20–30 parcels of land and purchased the property on which to drill his well. (Complaint 14:10–22).

Plaintiff then sought to obtain the necessary approvals from agencies of defendant County to develop and operate his water company. Plaintiff claims that, as his plans progressed, additional requirements for approval of a water company were made by defendant County, creating delays. (Complaint, 14:10–16 and Exh. C). The additional requirements included the submission of a development plan (Complaint, 15:21–27), that plaintiff's well produce a greater quantity of water per minute than originally planned, and that plaintiff provide fire hydrants (Complaint, 16:22–26). Plaintiff also alleges that, at one point, defendant County disputed the title to the property. (Complaint, 19:18–21). The delays allegedly caused plaintiff's plans for the water company to languish for several years. Meanwhile, Nipomo Community Services District (NCSD), which provided water to neighboring areas, allegedly took steps to annex the Summit Road area. (Complaint, 22:5–24:4). Plaintiff contends that in its efforts to annex the Summit Road area, defendant NCSD, with the aid of certain County agencies and officials, overrode the usual planning and other requirements and misrepresented to residents the true cost of its water service and the status of plaintiff's company. (Complaint, 25:6–10, 25:26–26:23, 27:23–28:13).

Defendant NCSD obtained approval to annex the Summit Road area in late 1993 or early 1994. (Complaint, 28:16–17). Upon annexation, the Summit Road area no longer lacked a municipal water company and plaintiff's proposed company was not needed. Plaintiff contends he spent $170,000.00 developing the water company, and he suffered this amount as a loss. (Complaint, 35:19). Plaintiff filed certain complaints with defendant County, seeking redress. (Complaint, Exh. L and M). In response, the county grand jury undertook an investigation and, in a report dated June 9, 1994, recommended that the County Board of Supervisors pass a resolution limiting the retroactive effect of new regulations by the Planning Department and better define permit requirements. (Exh. M). The grand jury, however, did not recommend compensation be paid to plaintiff.

On June 30, 1995, defendant NCSD and certain of its executives filed a motion to dismiss. On July 20, 1995, defendants County, County employees and a County agency filed a motion to dismiss. Plaintiff filed his first opposition to the motions, erroneously denominated "Motion to Strike Motion to Dismiss," on July 20, 1995. Defendants County, et al., replied on July 27, 1995. Plaintiff filed his second opposition to defendants' motions to dismiss on August 7, 1995; and also filed a motion for entry of default judgment against several defendants.[1] On August 25, 1995, defendants Local Agency Formation Commission and County refiled their motions to dismiss.

## DISCUSSION

A motion to dismiss for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6), should be granted when it is clear that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Neitzke v. Williams*, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 1832–33, 104 L.Ed.2d 338 (1989); *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984). In considering the motion to dismiss, the Court must accept the allegations of the complaint as true. *Hishon*, 467 U.S. at 73, 104 S.Ct. at 2232–33; *Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976). Under Fed.R.Civ.P. 10(c), documents attached to the complaint as exhibits become part of the complaint and may be considered on a motion to dismiss. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990).

The court must also construe the pleading in the light most favorable to the

---

1. All defendants filed motions to dismiss, and, thus, there is no basis for plaintiff's motion for entry of default judgment.

party opposing the motion and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969). Moreover, *pro se* pleadings are held to a less stringent standard than those drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam); *Karim–Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir.1988).

## 1. Due Process and Takings Claims:

 Both the due process and takings clauses of the Fifth Amendment protect recognized property interests; absent a property interest, a claim under either clause is not cognizable. *Peterson v. United States Dept. of Interior*, 899 F.2d 799, 807 (9th Cir.) *cert. denied*, 498 U.S. 1003, 111 S.Ct. 567, 112 L.Ed.2d 574 (1990) (citing *Bowen v. Public Agencies Opposed to Social Security Entrapment*, 477 U.S. 41, 54–55, 106 S.Ct. 2390, 2397–98, 91 L.Ed.2d 35 (1986)). Property interests protected by the constitution are "interests that a person has already acquired in specific benefits." *Board of Regents v. Roth*, 408 U.S. 564, 576, 92 S.Ct. 2701, 2708, 33 L.Ed.2d 548 (1971); *Hoopa Valley Tribe v. Christie*, 812 F.2d 1097, 1102 (9th Cir. 1987). A property interest is more than a unilateral expectation, it is "a legitimate claim of entitlement." *Board of Regents*, 408 U.S. at 577, 92 S.Ct. at 2709. Entitlements are not created by the constitution, but are defined by independent sources such as state law, statutes, ordinances, regulations or express and implied contracts. *Id.; Lucero v. Hart*, 915 F.2d 1367, 1370 (9th Cir.1990). If a right has not vested, it is not a property interest protected by the due process or takings clause. *Peterson*, 899 F.2d at 807.

For example, in *Peterson*, several California public water agencies asked the federal court to declare unconstitutional a provision in the Reclamation Reform Act of 1982, which they claimed interfered with their contractual right to receive subsidized water from federal reclamation projects. The plaintiffs claimed that they had a constitutionally protected property interest implied in their contracts with the federal government for the delivery of subsidized water to leased land. *Peterson*, 899 F.2d at 810. The Ninth Circuit refused to find a property right under the contract between the plaintiffs and the federal government, holding that to find an entitlement in this context would "seriously impair Congress's sovereign power to pass laws for public welfare." *Id.* at 811. Further, the Ninth Circuit rejected the plaintiffs' claim to a property right under the takings clause based on their reasonable investment-backed expectation to receive water at subsidized rates, stating: "[Plaintiffs] offer no authority for the proposition that a constitutionally protected property interest can be spun out of the yarn of investment-backed expectations." *Id.* at 813.

Numerous cases illustrate the proposition that an individual has no property interest in a particular benefit where a governmental agency retains discretion to grant or deny the benefit. *See e.g., Erickson v. United States*, 67 F.3d 858, 862 (9th Cir.1995) (under due process clause, doctors had no property interest in continued participation in Medicare or Medicaid); *Greenwood v. Federal Aviation Admin.*, 28 F.3d 971, 976 (9th Cir. 1994) (where annual renewal of pilot examiner designation was left to the discretion of the FAA, plaintiff had no entitlement); *Swanson v. Babbitt*, 3 F.3d 1348, 1353–54 (9th Cir.1993) (under takings clause, no vested right to obtain patent to mining claim upon filing of claim where agency had discretion to review claim). *But see Kerley Indus., Inc. v. Pima County*, 785 F.2d 1444, 1446 (9th Cir.1986) (where state statutes provide specific criteria for the issuance of a conditional use permit, plaintiff had a legitimate claim of entitlement).

 In the present matter, plaintiff claims a property interest in providing water service to the Summit Road area, but does not dispute defendants' discretion to approve the plans to develop his water company. Instead, he bases his claim to entitlement on implied contracts purportedly existing between him and representatives of the County stemming from correspondence during the planning of his water company. (Complaint, 14:10–19, 14:25–15:6, Exh. A–C, G). A review of the documents attached to plaintiff's complaint reveals, however, that plaintiff re-

ceived only preliminary approval of limited aspects of his plans to establish a water company and never received final approval.[2] The preliminary approval of limited aspects of plaintiff's plans did not create a constitutionally protected property interest.[3] Rather, it illustrates the unilateral nature of plaintiff's expectations. As in *Peterson*, plaintiff's investment-backed expectations to provide water service cannot create a property interest; thus, plaintiff cannot bring a claim for a violation of the due process or takings clause.

 Even if plaintiff could establish a property interest, to the extent that plaintiff bases his substantive due process claim on defendants' continuing to add new requirements for his company to meet, the complaint does not set forth a constitutional violation. "There is, of course, no federal Constitutional right to be free from changes in the land use laws." *Dodd v. Hood River County*, 59 F.3d 852, 864 (9th Cir.1995) (quoting *Lakeview Dev. Corp. v. City of South Lake Tahoe*, 915 F.2d 1290 (9th Cir. 1990), *cert. denied*, 501 U.S. 1251, 111 S.Ct. 2890, 115 L.Ed.2d 1055 (1991)). To establish a violation of the right to substantive due process, plaintiff must allege that the defendants' actions were "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare." *Id.* (quoting *Euclid v. Ambler Realty Co.*, 272 U.S. 365, 395, 47 S.Ct. 114, 121, 71 L.Ed. 303 (1926)). "Federal judicial interference with a local government zoning decision is proper only where the governmental body could have no legitimate reason for its decision." *Id.* Under these principles, in *Dodd*, the Ninth Circuit held that a change in zoning preventing plaintiffs from using their property to build a home, after initial communications from defendants that they could develop the property as they intended, could not support a substantive due process claim. The court reasoned that because the defendants never represented that a building permit would be issued, the defendants did not mislead the plaintiffs or act irrationally. *Dodd*, 59 F.3d at 864. Likewise, here, final approval of the plans for the development of plaintiff's water company was never assured and, thus, defendants made no misrepresentations to plaintiff. (*See* Complaint, Exh. A–C, G). Following *Dodd*, plaintiff's allegations cannot support a substantive due process claim.

### 2. First and Fourth Amendment Claims:

 Plaintiff alleges that defendants violated his First Amendment right to freedom of expression and redress of grievances when they purportedly conspired to require adherence to additional regulations, to investigate plaintiff's title to the property and to refuse to give plaintiff a title compliance report, allegedly causing the delay which ruined plaintiff's water company. (Complaint, 33:8–23). Plaintiff's contentions fail to state a First Amendment claim because he alleges no deprivation of a right protected under that amendment. The First Amendment protects individuals from government infringement of speech and expression; it does not protect commercial activity. *IDK, Inc. v. County of Clark*, 836 F.2d 1185, 1195

2. The December 26, 1989 letter from defendant Doherty, Supervising Environmental Health Officer for defendant County's Health Agency, to plaintiff, states: "This Department has reviewed your tentative proposal to provide domestic water.... We can conceptually approve your proposal at this time." (Exh. A). Also, on December 28, 1989, defendant Granflaten, Office Engineer for defendant County, wrote to plaintiff to inform him that the County would be willing to issue an encroachment permit for the proposed water lines. (Exh. B). On May 22, 1990, plaintiff's partner Vern Raugh received a letter from defendant County informing him that if plaintiff's company planned to serve water to properties that did not overlie an aquifer, the use of the water would be open to legal challenge. (Exh. D). On September 28, 1990,

defendant Granflaten approved well construction, but warned: "This letter does not imply approval as to quantity or chemical quality." (Exh. C). Finally, on July 24, 1992, the County Division of Environmental Health informed plaintiff that the construction plans had been approved, but the system for delivery of water service would be approved only after submittal of the required water system permit materials, inspection of the facility, and water quality testing. (Exh. G).

3. Under California law an ongoing water company has certain property rights in the provision of services and related easements. *Cucamonga County Water District v. Southwest Water Co.*, 22 Cal.App.3d 245, 99 Cal.Rptr. 557 (1971).

(9th Cir.1988) (escort services are primarily commercial, not expressive, enterprises, whose activities do not warrant First Amendment protection). Further, to the extent plaintiff bases his claim on defendants' alleged failure to give him a title report, the First Amendment imposes no affirmative duty on a governmental entity to disclose all its actions to the public. *Dix v. County of Shasta,* 963 F.2d 1296, 1301 (9th Cir.1992).

 Where an individual claims that the government took retaliatory action against him in violation of the First Amendment, the retaliatory action must be *because* of the exercise of First Amendment rights. *Soranno's Gasco, Inc., v. Morgan,* 874 F.2d 1310, 1314 (9th Cir.1989) (plaintiffs could bring First Amendment claim for retaliatory denial of petroleum bulk plant permits based on defendants' alleged retaliation for plaintiffs' public criticism of defendants' regulations). *Accord Yatvin v. Madison School Dist.,* 840 F.2d 412, 418–19 (7th Cir.1988) (plaintiff, a school principal who claimed she was denied promotion because she had previously filed a civil rights lawsuit, did not have a First Amendment claim because her civil rights lawsuit had a personal, private objective and was not protected by the First Amendment). Here, even if defendants conspired to deprive plaintiff of the opportunity to start a water company by delaying the necessary approvals and refusing to provide plaintiff a title report, plaintiff has not alleged that defendants took this action due to plaintiff's exercise of his First Amendment rights. Defendants' alleged acts relate only to plaintiff's commercial, not expressive, activities. Thus, plaintiff has not stated a claim for relief under the First Amendment.

 Finally, plaintiff's Fourth Amendment claim that defendants "seized" his right to deliver water also lacks merit. As discussed above, plaintiff possessed no property interest which could have been seized. The Fourth Amendment provides for specific protection for people in their "persons, houses, papers, and effects;" it does not extend to all property an individual may possess, *see Oliver v. United States,* 466 U.S. 170, 176–77, 104 S.Ct. 1735, 1740, 80 L.Ed.2d

214 (1984), and it does not extend to the intangible interest plaintiff claims here.

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) granting defendants' motions to dismiss; and (3) directing that Judgment be entered dismissing the Complaint and action with prejudice.

DATE: December 1, 1995.